#27984-r-GAS
**2017 S.D. 28**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellant,

    v.

ASHLEY LEE,                    Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE WALLY EKLUND
Retired Judge

* * * *

MARTY J. JACKLEY
Attorney General

GRANT FLYNN
Assistant Attorney General
Pierre, South Dakota                    Attorneys for plaintiff and
                                        appellant.


JOANNA LAWLER
Pennington County Public
  Defender's Office
Rapid City, South Dakota                    Attorneys for defendant and
                                            appellee.

* * * *

CONSIDERED ON BRIEFS
ON APRIL 24, 2017
OPINION FILED 05/17/17

SEVERSON, Justice

[¶1.] An asset protection associate at a Walmart placed Ashley Lee under citizen's arrest for theft. The associate contacted law enforcement, who took Lee into custody and searched her purse, finding a pipe with methamphetamine residue. Lee moved to suppress all evidence from the search, alleging that law enforcement had no authority to arrest her and thus the search was illegal. The circuit court agreed with Lee and suppressed all evidence obtained from the search. On intermediate appeal, the State alleges that the search was a proper search incident to an arrest. We reverse the circuit court's order granting Lee's motion to suppress evidence.

## Background

[¶2.] On May 16, 2015, Lee was shopping at a Walmart in Rapid City when an asset protection associate, Aaron Miller, noticed her concealing items in her purse. She paid for other items at the store, but failed to pay for those that she had placed in her purse. After she passed all points of sale, Miller apprehended her. He recovered the items stolen (totaling a value of $36.63), reported the incident to the police, and detained her until an officer arrived. Miller described the incident in a "Citizen's Arrest Report." Officer Duane Baker with the Rapid City Police Department responded to the report of the theft. He performed a warrantless search of her purse and found a glass pipe. Residue on the pipe tested positive for methamphetamine.

[¶3.] A complaint was filed on May 20, 2015, charging Lee with petty theft and possession of a controlled substance. On July 8, 2015, she was charged by an

information with possession of a controlled substance. A part II information alleged that she was convicted of two felonies in 2014. Lee moved to suppress the evidence obtained as a result of the search, claiming that law enforcement arrested her without a warrant for a Class 2 misdemeanor committed outside an officer's presence, in violation of SDCL 23A-3-2. Therefore, according to Lee, there was no authority to search her incident to an arrest.

[¶4.] On July 28, 2016, the circuit court filed findings of fact and conclusions of law directing suppression of the evidence. It concluded that a citizen's arrest "merely permits detention of a suspect until he [or she] may be taken before a magistrate or delivered to the nearest available law enforcement officer. A citizen's arrest does not entitle a police officer to make a custodial arrest when he otherwise would not have that authority." The State asserts that the circuit court erred and that law enforcement may validly search, without a warrant, a person incident to a citizen's arrest.

## Analysis

[¶5.] "A motion to suppress for an alleged violation of a constitutionally protected right raises a question of law, requiring de novo review." *State v. Hess*, 2004 S.D. 60, ¶ 9, 680 N.W.2d 314, 319 (quoting *State v. Herrmann*, 2002 S.D. 119, ¶ 9, 652 N.W.2d 725, 728). Pursuant to SDCL 23A-3-3,

> Any person may arrest another:
>
> (1) For a public offense, other than a petty offense, committed or attempted in his presence; or
>
> (2) For a felony which has been in fact committed although not in his presence, if he has probable cause to believe the person to be arrested committed it.

Similarly, law enforcement may arrest citizens without a warrant pursuant to

SDCL 23A-3-2, which provides:

> A law enforcement officer may, without a warrant, arrest a
> person:
>
> (1) For a public offense, other than a petty offense, committed or
> attempted in his presence; or
>
> (2) Upon probable cause that a felony or Class 1 misdemeanor
> has been committed and the person arrested committed it,
> although not in the officer's presence.

Lee concedes that she is not challenging the validity of her citizen's arrest under

SDCL 23A-3-3.[1]  There is also no dispute that petty theft is a Class 2 misdemeanor;

that the theft occurred outside Officer Baker's presence; and therefore Officer Baker

did not have authority under SDCL 23A-3-2 to arrest Lee.  The only issue is Officer

Baker's authority to take Lee into custody after she had been placed under citizen's

arrest by the Walmart associate and to perform a search of her incident to the

citizen's arrest.  *See State v. Bonrud*, 393 N.W.2d 785, 787 (S.D. 1986) (explaining

warrantless searches are unconstitutional unless the search falls within a

recognized exception to the general rule requiring a search warrant); *State v.

Smith*, 2014 S.D. 50, ¶ 15, 851 N.W.2d 719, 724 ("Search incident to lawful arrest is

one of the well-delineated exceptions to the warrant requirement.").

[¶6.]        We have previously upheld a search of a defendant by a sheriff after

the defendant was placed under citizen's arrest.  In *State v. Bonrud*, two men stole

---

1.    The State notes that petty theft is not a petty offense based on our case law.
      *See State v. Lundeman*, 2010 S.D. 9, ¶ 21, 778 N.W.2d 618, 624 ("Generally,
      if the defendant is subject to jail time . . . an offense is not petty[.]")

a money box from a person "distributing religious pamphlets and putting any money donations he received from their sale" in the box. 393 N.W.2d at 786. A citizen who saw the men grab the box chased the men down and detained them until the sheriff arrived. The sheriff searched the vehicle that defendant was riding in and gathered the money and box from the vehicle. Defendant challenged the validity of the citizen's arrest and claimed that any evidence seized after the allegedly illegal citizen's arrest should be suppressed. *Id.*

[¶7.]     We upheld the citizen's arrest and also addressed the constitutionality of the search. *Id.* at 787. We cited the United States Supreme Court decision *New York v. Belton*, which held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." 453 U.S. 454, 460, 101 S. Ct. 2860, 2864, 69 L. Ed. 2d 768 (1981), *abrogation recognized by Davis v. United States*, 564 U.S. 229, 234, 131 S. Ct. 2419, 2425, 180 L. Ed. 2d 285 (2011) (explaining that an automobile search incident to recent occupant's arrest is constitutional if the arrestee is within reaching distance of the vehicle during the search or the police have reason to believe that the vehicle contains evidence relevant to the arrest). We noted that "[t]he record [did] not specifically reflect that the sheriff, on his own part arrested [defendant], but it clearly shows that he took him into custody." *Bonrud*, 393 N.W.2d at 787. And we determined that *Belton* applied, holding:

> In any event, [defendant] was validly arrested and in custody
> when the sheriff searched the vehicle. We recognize that the
> *Belton* decision speaks specifically to the situation where a
> policeman makes a lawful arrest and conducts a

> contemporaneous search. *We find no important distinction* that
> would prevent us from applying *Belton* to the situation here
> *where the citizen makes the lawful arrest and the sheriff*
> *conducts a contemporaneous search.* We therefore determine
> that the sheriff made a valid search of [defendant's] vehicle and
> the trial court correctly denied suppression of the evidence.

*Id.* at 787-88 (emphasis added) (citing *Moll v. United States*, 413 F.2d 1233 (5th Cir. 1969)).

[¶8.]     Our *Bonrud* decision remains consistent with our statutes today. Lee asserts that the *Bonrud* decision is distinguishable from this case because the Sheriff in *Bonrud* had the authority to independently arrest the defendant under SDCL 23A-3-2, whereas here there is no such authority. Nevertheless, we did not condition our holding on the Sheriff having independent authority to arrest. We recognized that it was unclear whether he had arrested the defendant "on his own part." But we explicitly rejected the notion that the search's validity rested on the individual performing the search. *Id.* at 788. SDCL 23A-3-1 contains a single definition of *arrest* that applies to both a citizen's arrest and an arrest by law enforcement. *Arrest* is defined as "the taking of a person into custody so that he may be held to answer for the alleged commission of a public offense." SDCL 23A-3-1. Thus, a search need not be incident to an arrest by law enforcement because a citizen is empowered to make the same arrest.[2]

---

2.     Without providing authority for her proposition, Lee asks this Court to determine that this citizen's arrest was a "non-custodial arrest." This Court has only once before used the term *non-custodial arrest. See State v. Brassfield*, 2000 S.D. 110, ¶ 11, 615 N.W.2d 628, 631. We cited with approval a Colorado Supreme Court decision that held:

> A "custodial" arrest is made for the purpose of taking the arrestee to the stationhouse for booking procedures and in order to file criminal

(continued . . .)

[¶9.]　　　　Further indication that law enforcement does not need independent grounds to make a warrantless arrest under SDCL 23A-3-2 before taking the arrestee into custody and performing a search is found in SDCL 23A-4-1 (Rule 5(a)) and SDCL 22-30A-19.2.　SDCL 23A-4-1 (Rule 5(a)) directs that once a citizen has made that arrest, he or she must "take the arrested person before the nearest available committing magistrate or deliver him to the nearest available law enforcement officer."　SDCL 22-30A-19.2 states:

> Any owner or seller of merchandise, who has reasonable grounds to believe that a person has committed retail theft pursuant to § 22-30A-19.1, may detain such person, on or off the premises of a retail mercantile establishment, in a reasonable manner and for a reasonable length of time:
>
> > (1) To request identification;
> >
> > (2) To verify such identification;
> >
> > (3) To make reasonable inquiry as to whether such person has in his or her possession unpurchased merchandise and, to make reasonable investigation of the ownership of such merchandise;

---

(. . . continued)

> charges.　A "non-custodial" arrest, however, involves only a temporary detention for the purpose of issuing a notice or summons to the arrestee.

*Id.* (quoting *People v. Bland*, 884 P.2d 312, 316 n.6 (Colo. 1994)).　Lee offers no argument or authority that a citizen has the power to issue a notice or summons to the arrestee.　And a determination that a citizen's arrest is non-custodial would be contrary to the definition of *arrest* in SDCL 23A-3-1.　It would also prevent a citizen from delivering the person into the custody of law enforcement or bringing the arrestee before a committing magistrate in accordance with SDCL 23A-4-1 (Rule 5(a)).　SDCL 23A-4-1 (Rule 5(a)) states in relevant part:

> Any person, other than a law enforcement officer, making an arrest shall, without unnecessary delay, take the arrested person before the nearest available committing magistrate or deliver him to the nearest available law enforcement officer.

> *(4) To inform a law enforcement officer of the detention of the person and surrender that person to the custody of a law enforcement officer*, and
>
> (5) In the case of a minor, to inform a law enforcement officer, a parent, guardian, or other private person.

SDCL 22-30A-19.2 (emphasis added). Thus, these statutes explicitly contemplate law enforcement taking an individual into custody without the officer having been present to personally observe the public offense.

### Conclusion

[¶10.] Neither South Dakota's statutes concerning a citizen's arrest nor our precedent support the conclusion that a law enforcement officer must have independent authority to arrest under SDCL 23A-3-2 before taking a person placed under citizen's arrest into custody and performing a search incident to that arrest. Here, Lee was validly placed under citizen's arrest, and the responding law enforcement officer who took her into custody properly performed a search incident to that arrest. Accordingly, the circuit court erred when it suppressed evidence obtained from the search of Lee.

[¶11.] Reversed.

[¶12.] GILBERTSON, Chief Justice, and ZINTER, WILBUR, and KERN, Justices, concur.